IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMON NUÑEZ-ROSARIO,<br><br>Defendant. | CRIMINAL NO. 11-061 (DRD)<br>CRIMINAL NO. 11-166 (JAG) |

**REPORT AND RECOMMENDATION**

Defendant Ramón Núñez-Rosario was charged in Counts One and Two of an Indictment in Cr. No. 11-061 (DRD); and in Count One of an Indictment in Cr. No. 11-166 (JAG), and he agreed to plead guilty to Count One of the Indictment in Cr. No. 11-061 (DRD) and Cr. No. 11-166 (JAG). Count One in Cr. No. 11-061 (DRD) charges that, on or about the 21st day of January, 2011, in Barceloneta, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce, one (1) firearm, as that term is defined in Title 18, United States Code, Section 921(a)(3), that is, one (1) Smith & Wesson pistol, model 59, 9mm caliber, bearing serial number A374752, said firearm having been shipped and transported in interstate or foreign commerce. All in violation of Title 18, United States Code, Section 922(g)(1), with penalties provided in Title 18, United States Code, Section 924(a)(2).

Count One in Cr. No. 11-166 (JAG) charges that, on or about March 11, 2011, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, the defendant herein, being an inmate of Metropolitan Detention Center, did knowingly possess and obtain a prohibited object, to wit: a mixture or substance containing detectable amounts of Heroin,

United States of America v. Ramón Núñez-Rosario
Criminal No. 11-061 (DRD)
Criminal No. 11-166 (JAG)
Report and Recommendation
Page 2

a prohibited object, a Schedule I Narcotic Drug Controlled Substance. All in violation of Title 18, United States Code, Section 1791(a)(2), (b)(1) and (d)(1)(C).

On June 27, 2011, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictments in Cr. No. 11-061 (DRD) and Cr. No. 11-166 (JAG), upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One of the Indictments in Cr. No. 11-061 (DRD) and Cr. No. 11-166 (JAG), he was examined and verified as being correct that: he had consulted with his counsel, Luis Rafael Rivera-Rodríguez, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States Magistrate Judge, the content of both Indictments and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. he was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. he was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Rivera-Rodríguez, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely

United States of America v. Ramón Núñez-Rosario
Criminal No. 11-061 (DRD)
Criminal No. 11-166 (JAG)
Report and Recommendation
Page 4

request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The statutory penalty for the offense charged in Count One of the Indictment Cr. No. 11-061 (DRD) is a term of imprisonment of not more than ten (10) years, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), and a term of supervised release of not more than three (3) years. The maximum penalty for the offense charged in Count One of the Indictment Cr. No. 11-166 (JAG), are a term of imprisonment of not more than twenty (20) years, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), and a term of supervised release of not more than three (3) years.

Pursuant to paragraph number four (4), defendant shall pay a special assessment of one hundred dollars ($100.00) per count of conviction, for a total of two hundred dollars ($200.00).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement pursuant to Rule 11(c)(1)(A) & (C) FRCP" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

United States of America v. Ramón Núñez-Rosario
Criminal No. 11-061 (DRD)
Criminal No. 11-166 (JAG)
Report and Recommendation
Page 5

Pursuant to paragraph number Six (6) of the Agreement, the undersigned apprised defendant of the Rule 11(c)(1)(C) Warnings. To this effect, defendant Ramón Núñez-Rosario, is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes. However, defendant Núñez-Rosario and the United States have agreed that a specific sentencing range is the appropriate disposition of the cases against defendant Núñez-Rosario, pursuant to Fed.R.Crim.P. 11(c)(1)(C). Defendant Núñez-Rosario is aware that the Court may reject the agreement pursuant to Fed.R.Crim.P. 11(c)(3)(A) in accordance with Fed.R.Crim.P. 11(c)(5), and that if the Court rejects this agreement, he may withdraw it pursuant to Fed.R.Crim.P. 11(d)(2)(A). Defendant Núñez-Rosario understands that if the Court rejects the plea and forfeiture agreement, and he does not withdraw his plea, the Court may dispose of the case less favorable toward him than as contemplated by this plea and forfeiture agreement. See Fed.R.Crim.P. 11(c)(5)(C).

The above-captioned parties' estimate and agreement that appears on pages four (4) to six (6), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained.

Regarding Count One of Indictment Cr. No. 11-061 (DRD), the Base Offense Level pursuant to U.S.S.G. §2K2.1(A)(2) (because defendant Núñez-Rosario committed the offense subsequent to sustaining at least two felony convictions of either a crime of violence or controlled substance offense) is of Twenty-Four (24). Pursuant to U.S.S.G. § 3E1.1(a), a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Twenty-One (21), yielding an imprisonment range of Thirty-Seven (37) to Forty-Six (46) months if the Criminal History Category is I; Forty-One (41) to Fifty-One (51) months if the Criminal History Category is II; Forty-Six (46) to Fifty-Seven (57) months if the

United States of America v. Ramón Núñez-Rosario
Criminal No. 11-061 (DRD)
Criminal No. 11-166 (JAG)
Report and Recommendation
Page 6

Criminal History Category is III; Fifty-Seven (57) to Seventy-One (71) months if the Criminal History Category is IV; Seventy (70) to Eighty-Seven (87) months if the Criminal History Category is V; and Seventy-Seven (77) to Ninety-Six (96) months if the Criminal History Category is VI.

Regarding Count One of Indictment Cr. No. 11-166 (JAG), the Base Offense Level pursuant to U.S.S.G. §2P1.2(a)(2) (because the contraband object possessed by defendant Núñez-Rosario, heroin, was a narcotic drug, as that term is defined by 21 USC § 802(17) ) is of Thirteen (13). Pursuant to U.S.S.G. § 3E1.1(a), a decrease of two (2) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Eleven (11), yielding an imprisonment range of Eight (8) to Fourteen (14) months if the Criminal History Category is I; Ten (10) to Sixteen (16) months if the Criminal History Category is II; Twelve (12) to Eighteen (18) months if the Criminal History Category is III; Eighteen (18) to Twenty-Four (24) months if the Criminal History Category is IV; Twenty-Four (24) to Thirty (30) months if the Criminal History Category is V; and Twenty-Seven (27) to Thirty-Three (33) months if the Criminal History Category is VI.

Pursuant to paragraph Nine (9), the United States and defendant Núñez-Rosario agree to recommend that a specific sentence of a total term of imprisonment of fifty three and a half (53.5) months, to be broken down as follows: Forty-six (46) months for Cr. No. 11-061(DRD), followed by fifteen (15) months seven and a half (7.5) months to be served concurrently and seven and a half (7.5) months to be served consecutively) for Cr. No. 11-166(JAG), is the appropriate disposition of the cases against defendant Núñez-Rosario, pursuant to Fed.R.Crim.P. 11(c)(1)(C).

This Plea and Forfeiture Agreement recommendation was reached in full contemplation of the sentencing factors in Title 18, United States Code, Section 3553. The United States and

defendant Núñez-Rosario agree that no departures shall be request by the parties. Any recommendation for a sentence below 53.5 months will constitute a material breach of this Plea and Forfeiture Agreement.

The parties do not stipulate as to any Criminal History Category for defendant.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between them. Defendant was able to understand this explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence

report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. Any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph eighteen (18) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), defendant Núñez-Rosario agrees to forfeit all of his right, title, and interest in the following property:

I. Pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) ("firearms Property")

    a.    one (1) Smith and Wesson pistol, model 59, 9mm caliber, bearing serial number A374752;

    b.    one (1) Glock pistol, model 19, 9mm caliber, bearing serial number BMT740US, now converted into a machine gun;

    c.    six (6) magazines; and

    d.    one hundred and twelve (112) Federal 9mm caliber rounds of ammunition.

Defendant Núñez-Rosario acknowledges that he possessed the firearms property in violation of 18 U.S.C. § 922(g)(1), as set forth in Count One of the indictment in Cr. No. 11-061(DRD), and that the firearms property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. §924(d)(1) and 28 U.S.C. § 2461(c).

The United States and defendant Núñez-Rosario agree that if this Honorable Court accepts this plea and forfeiture agreement, the United States will move for the dismissal of the remaining count against defendant Núñez-Rosario in Cr. No. 11-061(DRD) at the sentencing hearing.

Defendant waived the reading of both Indictments in open court because he is aware of their content. Defendant was shown a written document entitled "Stipulation of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One of the Indictments in Cr. No. 11-061 (DRD) and Cr. No. 11-166 (JAG) was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Indictments in Cr. No. 11-061 (DRD) and Cr. No. 11-166 (JAG).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictments in Cr. No. 11-061 (DRD) and Cr. No. 11-166 (JAG).

United States of America v. Ramón Núñez-Rosario
Criminal No. 11-061 (DRD)
Criminal No. 11-166 (JAG)
Report and Recommendation
Page 10

**IT IS SO RECOMMENDED.**

The sentencing hearing is set for October 21, 2011 at 10:00 a.m., before Honorable Daniel R. Domínguez.

San Juan, Puerto Rico, this 30th day of June of 2011.

          s/ CAMILLE L. VELEZ-RIVE
          CAMILLE L. VELEZ-RIVE
          UNITED STATES MAGISTRATE JUDGE